

# Fourth Court of Appeals
## San Antonio, Texas

August 12, 2019

No. 04-19-00472-CV

**IN RE** John M. **DONOHUE**

Original Mandamus Proceeding[1]

**ORDER**

Sitting:      Luz Elena D. Chapa, Justice
                 Beth Watkins, Justice
                 Liza A. Rodriguez, Justice

On August 2, 2019, relator filed a pro se petition for writ of mandamus complaining of the trial court's orders declaring him a vexatious litigant, denying his motion to reinstate after the trial court dismissed his lawsuit for want of prosecution, and granting pleas to the jurisdiction filed by the defendants in his lawsuit. Relator has been designated a vexatious litigant. As a pro se vexatious litigant, relator is prohibited from filing any new litigation in a court of this State without first obtaining permission from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE §§ 11.102(a), 11.103(a). A petition for writ of mandamus is a civil action to which the vexatious litigant statute applies. *In re Crenshaw*, 05-19-00633-CV, 2019 WL 2710755 (Tex. App.—Dallas June 28, 2019, orig. proceeding) (mem. op.); *see also* TEX. CIV. PRAC. & REM. CODE § 11.103(a) (clerk of a court "may not file [an] . . . original proceeding . . . presented, pro se, by a vexatious litigant subject to a prefiling order" unless pro se litigant first obtains permission from appropriate local administrative judge).

---

[1] This proceeding arises out of Cause No. CV-15-0000271, styled *John M. Donohue v. Bandera County Law Enforcement Personnel, et al.*, pending in the 198th Judicial District Court, Bandera County, Texas, the Honorable M. Rex Emerson presiding.

Relator is hereby ORDERED to file in this court, **no later than August 23, 2019**, an order from the appropriate local administrative judge granting relator permission to bring this original proceeding.[2]

It is so **ORDERED** on August 12, 2019.

**PER CURIAM**

ATTESTED TO: _____
Keith E. Hottle
Clerk of Court

---

[2] This court's July 17, 2019 order allowing relator to file a petition for writ of mandamus no later than August 2, 2019 does not constitute "permission" to pro se file an original proceeding as required by Texas Civil Practice and Remedies Code section 11.103(a). Such permission may only be obtained from the appropriate local administrative judge.